## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

FABIOLA CRUZ,                                      )
                                                   )
              Plaintiff,                            )
                                                   )
v.                                                 )    JURY TRIAL DEMANDED
                                                   )
THE CITY OF                                        )
MERRIAM KANSAS                                     )    13-cv-2268 JTM/KGS
Merriam City Hall                                  )
6200 Eby Street                                    )
Merriam, KS 66202                                  )
                                                   )
and                                                )
                                                   )
PHIL LAMMERS, City Administrator,                  )
in his official and individual capacities          )
c/o The City of Merriam Kansas                     )
6200 Eby Street                                    )
Merriam, KS 66202                                  )
                                                   )
and                                                )
                                                   )
KAREN KLINE, Human                                 )
Resources Coordinator,                             )
in her official and individual capacities          )
c/o The City of Merriam Kansas                     )
6200 Eby Street                                    )
Merriam, KS 66202                                  )
                                                   )
and                                                )
                                                   )
SHEILA SHERIDAN, Court Clerk,                      )
in her official and individual capacities          )
c/o The City of Merriam Kansas                     )
6200 Eby Street                                    )
Merriam, KS 66202                                  )
                                                   )
and                                                )

1

TIM BURNETT, Police Chief          )
in his official and individual capacities  )
c/o The Merriam Police Department   )
9010 W 62nd Street                )
Mission, KS 66202              )
                                   )
and                          )
                                   )
MIKE DANIELS, Police Lieutenant   )
in his official and individual capacities  )
c/o The Merriam Police Department   )
9010 W 62nd Street                )
Mission, KS 66202              )
                                   )
and                          )
                                   )
BILL LIETZKE, *Former* Police Chief  )
in his official and individual capacities  )
c/o The Merriam Police Department   )
9010 W 62nd Street                )
Mission, KS 66202              )
                                   )
and                          )
                                   )
JOHN AND/OR JANE DOES 1-10,    )
City of Merriam                  )
Police officers, officials, employees,  )
and/or agents, in their individual     )
and official capacities, who conspired  )
with others to deprive Plaintiff of her rights, )
                                   )
and                          )

| | |
|---|---|
| JOHN AND/OR JANE DOES 11-20, | ) |
| City of Merriam | ) |
| Police officers, officials, employees, | ) |
| and/or agents, in their individual | ) |
| and official capacities, | ) |
| charged with the training and | ) |
| supervision of the above listed Defendants or | ) |
| who committed acts and omissions as herein | ) |
| alleged in their official and individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, FABIOLA CRUZ (referred to herein at times as "Plaintiff" or "Ms. Cruz") , by her attorneys THE MCCALLISTER LAW FIRM, and complaining of Defendants, THE CITY OF MERRIAM, KANSAS, PHIL LAMMERS, KAREN KLINE, SHEILA SHERIDAN, TIM BURNETT, MIKE DANIELS, BILL LIETZKE, and JOHN AND/OR JANE DOE 1-20 (hereinafter, collectively "Defendants"), states as follows:


### Introduction

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law the Plaintiff's rights as secured by the United States Constitution.


### Jurisdiction and Venue

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

3

## Parties

4.      Plaintiff Fabiola Cruz is a 36 year-old resident of Merriam, Kansas.

5.      Ms. Cruz, who was born in Mexico, immigrated to the United States from Mexico in 1988. She later became a naturalized United States citizen.

6.      At all relevant times, Defendant The City of Merriam is and was a municipal corporation that operates the Police Department for The City of Merriam. The City Council is the final policy maker for the City with regard to police policies and practices. The City Council has delegated to the Chief of Police the authority and responsibility for the day-to-day operations of the Police Department. The City of Merriam has the power to sue and be sued and to exercise such other and further powers as may be conferred by the constitution or statutes of the State of Kansas.

7.      At all relevant times, Defendant Phil Lammers (hereinafter "Lammers") is and was the City Administrator for the City of Merriam, acting in the course and scope of his employment with the City of Merriam. In addition, Defendant Lammers participated personally in the acts and omissions giving rise to this suit. Defendant Lammers is sued in his official capacity as City Administrator and in his individual capacity.

8.      At all relevant times, Defendant Karen Kline (hereinafter "Kline") is and was the human resources coordinator for the City of Merriam, acting in the course and scope of her employment with the City of Merriam. In addition, Defendant Kline participated personally in the acts and omissions giving rise to this suit. Defendant Kline is sued in her official capacity as a human resource coordinator and in her individual capacity.

4

9.      At all relevant times, Defendant Shelia Sheridan (hereinafter "Sheridan") is and was a court clerk for the City of Merriam, acting in the course and scope of her employment with the City of Merriam.  In addition, Defendant Sheridan participated personally in the acts and omissions giving rise to this suit.  Defendant Sheridan is sued in her official capacity as a court clerk and in her individual capacity.

10.      At all relevant times, Defendant Tim Burnett (hereinafter "Burnett") is and was a captain in the Police Department for the City of Merriam, acting in the course and scope of his employment with the City of Merriam.  In addition, Defendant Burnett participated personally in the acts and omissions giving rise to this suit.  Defendant Burnett, who is now the chief of Police for the City of Merriam, is sued in his official capacity and in his individual capacity.

11.      At all relevant times, Defendant Mike Daniels (hereinafter "Daniels") is and was a Lieutenant in the Police Department for the City of Merriam, acting in the course and scope of his employment with the City of Merriam.  In addition, Defendant Daniels participated personally in the acts and omissions giving rise to this suit.  Defendant Daniels is sued in his official capacity as a Lieutenant in the City of Merriam Police Department and in his individual capacity.

12.      At all relevant times, Defendant Bill Lietzke (hereinafter "Lietzke") is and was the Chief of the Police Department for the City of Merriam, acting in the course and scope of his employment with the City of Merriam.  In addition, Defendant Lietzke participated personally in the acts and omissions giving rise to this suit. Defendant Lietzke, who is now the chief of Police for the City of Merriam, is sued in his official capacity and in his individual capacity.

13.     Defendant John and/or Jane Doe 1-10, on information and belief, were, at all times relevant hereto, City of Merriam Police officers, officials, employees, and/or agents, are those un-named, unknown co-conspirators employed by the City of Merriam who deprived Plaintiff of her federal constitutional rights and her rights pursuant to Kansas common law, and/or conspired with Defendants in so doing.  Defendants Doe 1-10 are sued in their official and individual capacities.

14.     Defendant John and/or Jane Doe 11-20, on information and belief, were, at all times relevant hereto, City of Merriam Police officers, officials, employees, and/or agents, are those un-named, unknown individuals charges with training and/or supervision of Defendants Burnett and Daniels and/or were participants in the acts and omissions giving rise to this Complaint. Defendants Doe 11-20 are sued in their official and individual capacities.

### Plaintiff's Allegations Common to all Counts

15.     Ms. Cruz began her employment with the City of Merriam as a municipal court clerk in the spring of 2002.

16.     In the summer of 2004, Ms. Cruz had ascended to Lead Clerk of the Municipal Court of the City of Merriam.

17.     On or about September 1, 2010, Ms. Cruz ended her employment with the City of Merriam.

18.     At all times prior to September 2010, Ms. Cruz had never received any negative employment evaluations and/or reviews.

19.     At all times prior to September 2010, Ms. Cruz had not been disciplined and/or

6

reprimanded for any matter, including work performance, discipline, and/or breach of any fiduciary duty.

20.    At all times prior to September 2010 and specifically during the time that Ms. Cruz served as Lead Clerk, there were no allegations of misappropriations of funds or sums of money by any auditor or city investigator.

21.    Prior to September 2010 and during the time that she was employed by the City of Merriam, Ms. Cruz, as the Lead Court Clerk for The Municipal Court for the City of Merriam, regularly communicated with and worked with Defendants Kline, Daniels, Burnett and Lietzke.

22.    By the summer of 2010, Defendant Lammers had been appointed as City Administrator and had taken over the management of Municipal Court. Prior to Lammer's appointment, the position of Municipal Court Supervisor had sat vacant since the summer of 2008. In between the summer of 2008 and summer 2010, Defendant Kline had assumed the *de facto* role of Municipal Court supervisor.

23.    Prior to September 2010 and during the time that she was employed by the City of Merriam, Ms. Cruz was subjected to various negatively-tinged comments and statements from employees of the City of Merriam regarding her Mexican heritage and ethnicity.

24.    Prior to September 2010 and during the time that she was employed by the City of Merriam, Ms. Cruz was also subjected to various negatively-tinged comments and statements from employees of the City of Merriam regarding the way in which she spoke and her international accent.

25.    Prior to September 2010 and during the time that she was employed by the City of Merriam, Ms. Cruz was also subjected to various negatively-tinged comments and statements

from employees of the City of Merriam regarding the manner in which she dressed and her

ability to afford fashionable or high-end clothing and other retail items.

26.     Ms. Cruz was treated differently than her non-Mexican, similarly situated

colleagues and she was specifically singled out by Defendants Lammers and Kline for allegedly

violating rules regarding the keeping of time sheets relating to her hours worked.

27.     On or about Wednesday, September 1, 2010, Ms. Cruz was called to meet with

various members of the Administration for the City of Merriam, including Defendants Lammers

and Kline.

28.     At that time, Ms. Cruz was informed that there were allegedly multiple days for

which she was compensated for working a full day but, according to certain allegations, had not

in fact worked a full day.

29.     Upon information and belief, no other members of The Municipal Court for the

The City of Merriam received any such inquiry.

30.     Further, Ms. Cruz was informed that she would have to "prove" that she in fact

worked the full day for each of the days on which allegations were made against her.  She was

required to provide that "proof" by Friday, September 3, 2010.

31.     Ms. Cruz informed Defendant Lammers that in light of her work load, it was

unlikely that she would be able to compile "proof" of the days that were questioned within the

short time period.

32.     Ms. Cruz was then advised that if she could not provide "proof" of her work by

Friday, September 3, 2010, she should submit her resignation.

33.     In light of the hostile and unfriendly work environment and specifically her

8

treatment by Defendants, Ms. Cruz resigned from the position of Lead Clerk for the Municipal Court for The City of Merriam.

34.    Following her resignation, Defendant Sheridan took over Plaintiff's employment duties and began working as a court clerk.

35.    Upon information and belief, Defendant Sheridan worked closely with Defendant Kline and Defendant Lammers.

36.    Upon information and belief, on or before April 2011, Defendants began to investigate Ms. Cruz on claims that money had gone missing from the Municipal Court of The City of Merriam.

37.    Upon information and belief, an internal audit by Defendants Sheridan, Kline, Lammers, and John and/or Jane Doe 1-10 was said to reveal the alleged embezzlement of city funds from the municipal court.

38.    Further, this investigation was said to reveal discrepancies in the collection of court fines that resulted in changes in cash management procedures as a result of the alleged theft. *See* http://www.kshb.com/dpp/news/crime/former-merriam-court-clerk-charged-with-stealing-over-$100,000-from-the-city.

39.    Upon information and belief, Defendants believed that Ms. Cruz had fraudulently operated the Municipal Court's computer system/network to obtain money that was apparently paid to The City of Merriam in the form of court fees, bond payments, and other miscellaneous payments.

40.    In April 2011, approximately eight months following her resignation, Defendant Daniels, a Lieutenant in the Police Department for The City of Merriam, and Defendant Burnett,

9

then a Captain in the Police Department for The City of Merriam, visited Ms. Cruz at home to question her regarding the missing money. Ms. Cruz denied any such action and/or any knowledge of the alleged missing sums of money.

41.    Upon information and belief, Ms. Cruz was only individual investigated for the alleged theft/computer fraud.

42.    At no point did Plaintiff commit a crime or take any action to give Defendants probable cause to believe that she had committed a crime.

43.    Nevertheless, Ms. Cruz was charged with one count of felony theft of a value of $100,000.00 or more and four counts of computer crime regarding activities that allegedly spanned from January 1, 2008 to September 1, 2010.

44.    On or about June 27, 2011, Plaintiff turned herself in following the issuing of a warrant for her arrest. Her bond was initially set at a $100,000.00.

45.    Ms. Cruz was placed in jail and, thereafter, upon motion by her criminal defense counsel, her bond was reduced and she was released on bond and placed in the custody of the Court on June 29, 2011.

46.    At that time, she was placed under house arrest.

47.    Following her arrest, it was alleged by Defendant Lammers that some monies that were appropriately paid to the city for court fines were then "diverted" by Ms. Cruz from "city coffers". *See* http://www.kctv5.com/story/14988736/charges-filed-in-court-clerk-em.

48.    Further, Defendants noted their intent to recover the alleged sums lost. *See* http://www.kshb.com/dpp/news/crime/former-merriam-court-clerk-charged-with-stealing-over-$100,000-from-the-city; *see also* http://www.kctv5.com/story/14988736/charges-filed-in-court-

clerk-em.

49.     Lastly, Defendant Lammers, discussing Ms. Cruz, noted, "[i]t's always unsettling when you have an employee whose conduct and behavior has been called into question." *See* http://www.kctv5.com/story/14988736/charges-filed-in-court-clerk-em

50.     In August 2011, on behalf of the victim of the alleged crime, The City of Merriam, a motion was filed for an upward durational departure because the offenses charged involved a fiduciary relationship between Ms. Cruz and the victim, her former employer, The City of Merriam.

51.     Further, in August 2011, an amended complaint was filed to include alleged thefts that took place in 2007.

52.     Eventually, Defendants claimed that Ms. Cruz stole the following amounts in each of the following years:

    a)  2010: $69,363.00;

    b)  2009: $93,908.00;

    c)  2008: $106,376.00; and

    d)  2007: $104,452.00.

53.     The criminal proceedings related to Ms. Cruz's arrest and the aforementioned charges were dismissed and the court file' status was changed from open to closed on June 4, 2012.

54.     Following the initiation of criminal proceedings in June 2011, and while charges were pending against her, Ms. Cruz's criminal defense lawyer, Thomas Erker, sought discovery regarding the claims that sums of money had in fact gone missing from The Municipal Court for

11

The City of Merriam.

55.     In February 2012, the prosecutor's office communicated to Thomas Erker that it was in the process of gathering, for production, the items related to the charges, including but not limited to:

         a)  Key to computer codes;

         b)  All inquisition documents;

         c)  Complete records on all four counts of computer crimes;

         d)  Cash bonds outstanding statements;

         e)  Payment by type records; and

         f)  A few additional police reports.

56.     Despite claims by Defendants that Ms. Cruz was responsible for stealing a total of $374,101.00 over a four year period by manipulating the computer system/network of the Municipal Court and diverting funds from the city to herself, in the approximate one year that criminal charges were pending against Ms. Cruz, the Defendants produced only the self-made calendar/journal entries of Defendant Sheridan as evidence of the sums allegedly missing and statements from employees of The City of Merriam who described Ms. Cruz as living above her means.

57.     Defendants failed to produce any bank statements, ledgers, and/or other documentary proof that would demonstrate that (a) the sums were in fact missing and (b) that Ms. Cruz was in fact the person responsible for removing them from The City of Merriam's possession.

58.     The dismissal by the prosecutor was prior to any preliminary hearing.

59.     Upon information and belief, no other person or individual has been subsequently charged in the alleged theft/computer fraud.

60.     The Defendants never produced any evidence that a crime had actually been committed, much less that Ms. Cruz was the criminal who did it.

61.     Because there was no proof that anything had in fact been stolen, there was no probable cause to arrest, seize, or imprison Ms. Cruz.

62.     Despite the absence of any probable cause to arrest, seize, or imprison Ms. Cruz, she remained in the custody of the Court on bond subject to the rules of the Court for approximately one year prior to the dismissal of the charges, with her attendant liberties deprived.

63.     The acts, omissions, conduct, errors and behavior of Defendants Daniels, Burnett, and Lietzke and some of the John and/or Jane Doe defendants as alleged herein were the product of a failure to train and/or adequately train said defendants. Alternatively, the acts, omissions, conduct, errors and behavior of Defendants Daniels, Burnett, and Lietzke and some of the John and/or Jane Doe defendants as alleged herein were the product of a failure to supervise and/or adequately supervise said defendants.

64.     There exists within The City of Merriam employee hiring, training, supervision, and retention policies, procedures, practices that are so pervasive that they constitute the policy of The City of Merriam and were the moving force behind, and thereby caused, the constitutional deprivations suffered by Plaintiff as herein alleged; alternatively, there has been a failure to adopt employee hiring, training, supervision,

13

and retention policies, practices, and procedures which would have prevented the constitutional deprivations suffered by Plaintiff as herein alleged.

65.    As a result of the actions, omissions, conduct, and behavior of Defendants Daniels, Burnett, and Lietzke and some of the John and/or Jane Doe defendants, all of which constituted the policy, custom, and practice of The City of Merriam, Plaintiff was detained, unlawfully arrested and maliciously prosecuted.

66.    As a result of Defendants' actions, Plaintiff spent thousands of dollars to hire counsel to defend against Defendants' false accusations and charges. For the false allegations charged, she faced a life-time in prison. The violations perpetrated by Defendants damaged Plaintiff's professional reputation and interfered with her ability to find gainful employment. She experienced fear and apprehension; she was further humiliated and embarrassed; she suffered, continues to suffer, and will in the future suffer anxiety, psychological trauma, fear, mental pain and suffering, impacting her personal and professional life. She now works in a job that is far beneath her professional and personal capabilities for less money.

67.    The acts, omissions, conduct, and behavior of Defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

## Count I -- 42 U.S.C. § 1983

### Unlawful Arrest and Detention

Fourth and Fourteenth Amendments to the Constitution of the United States
(Against Defendants The City of Merriam, Sheridan, Kline, Lammers, Daniels,
Burnett, Lietzke, and various Doe Defendants (1-20))

68.    Each of the paragraphs in this Complaint are adopted by reference as if restated

fully herein.

69.    The illegal arrest and illegal confinement of Plaintiff was deliberately and

intentionally brought about by Defendants.  The arrest, confinement, and prosecution were the

obvious and intended results of the internal audit and investigation conducted in a manner

designed to manufacture a case against Plaintiff despite her actual innocence, which was or

should have been known to the Defendants.

68.    Defendants did not have any evidence that established that a crime had been

committed, much less that Plaintiff had committed the crime alleged.

69.    Defendants Kline, Sheridan, and Lammers and various Doe Defendants

communicated knowingly false information in order to instigate an unlawful seizure and

confinement of Plaintiff.

70.    A reasonable officer would not believe that Plaintiff had committed or was

committing an offense without proof that the sums had gone missing and a reasonable officer

would not believe that there was probable cause to arrest Plaintiff and/or seek a warrant for

her arrest.

71.    Defendants Daniels, Burnett, Lietzke, and various Doe Defendants knew or

should have known that under the United States Constitution, there is a clearly established

15

prohibition against an arrest and detention without probable cause and that their actions violated Plaintiff's constitutional rights. Nonetheless, Defendants Daniels, Burnett, Lietzke, and various Doe Defendants still sought to, and in fact did, assist in wrongfully seizing Plaintiff.

72.    In their investigation, Defendants procured demonstrably unreliable and false evidence.

73.    The acts or omissions of Defendants and the various Doe Defendants were under color of state law while acting in the scope of their employment.

74.    The actions of the Defendants mentioned in this Count directly and proximately caused Plaintiff grievous and permanent injury, including nearly one year of incarceration and/or Court supervision while out on bond, and the attendant loss of freedom, companionship, and income and the attendant infliction of emotional, mental and physical distress, pain, suffering, anguish, fear, including the fear of being incarcerated for a crime she did not commit. Plaintiff's personal and business reputation suffered permanent damage. For these damages and injuries, Plaintiff is entitled to monetary relief.

75.    The acts and omissions of Defendants and the various Doe Defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

76.    Plaintiff is entitled to recover from Defendants and the various Doe Defendants her reasonable attorneys' fees and costs, as provided by 42 U.S.C. § 1988.

## Count II -- 42 U.S.C. § 1983

### Conspiracy

(Against Defendants The City of Merriam, Sheridan, Kline, Lammers, Daniels, Burnett, Lietzke, and Various Doe Defendants (1-20))

77.    Each of the paragraphs in this Complaint are adopted by reference as if restated fully herein.

78.    As described more fully in the preceding paragraphs, Defendants, together and under the color state law, reached an understanding, engaged in course conduct, and otherwise conspired among and between themselves to deprive Plaintiff of her constitutional rights, including her right to be free from reckless investigations, unreasonable arrest and seizure, wrongful imprisonment, malicious prosecution, due process of law, and all basic rights of American Citizens faced with criminal sanctions.

79.    The conspiracies violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

80.    The conspiracy was also intended to deprive, and had the effect of depriving, Plaintiff of her fundamental right to employment and to be free from an employer's stigmatizing conduct.

81.    Defendants, together with co-conspirators, including but not limited to John and/or Jane Doe Defendants unknown to Plaintiff at this time, committed the overt acts set forth in the factual statements above under the color of law and in the course of their respective employment. The overt acts involved the reckless investigation, procurement of false and unreliable evidence, including but not limited to the creation of journal entries, and the filing of a probable cause statement without evidence of a crime having been committed in order to

wrongfully arrest, seize, and prosecute Plaintiff. Further, the manufacturing of knowingly false accusations and unreliable evidence was intended to inculpate Plaintiff.

82.     The overt acts also include the intentional failure to investigate evidence which would exculpate Plaintiff and the filing of false, misleading, and unreliable reports as part of the investigation.

83.     The conspiracy was designed to prove a case against Plaintiff despite her actual innocence which was or should have been known to Defendants.

84.     The conspiracies and overt acts were continuing in nature and are violative of the constitutionally-protected rights of Plaintiff.

85.     The Defendants mentioned in this Count directly and proximately caused Plaintiff grievous and permanent injury, including nearly one year of incarceration and/or Court supervision while out on bond, and the attendant loss of freedom, companionship, and income and the attendant infliction of emotional, mental and physical distress, pain, suffering, anguish, fear, including the fear of being incarcerated for a crime she did not commit. Plaintiff's personal and business reputation suffered permanent damage. For these damages and injuries, Plaintiff is entitled to monetary relief.

86.     The acts and omissions of Defendants and the various Doe Defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

87.     Plaintiff is entitled to recover from Defendants and the various Doe Defendants her reasonable attorneys' fees and costs, as provided by 42 U.S.C. § 1988.

## Count III-- 42 U.S.C. § 1983

### Equal Protection
### Fourteenth Amendment

(Against Defendants The City of Merriam, Sheridan, Kline, Lammers, Daniels, Burnett, Lietzke, and Various Doe Defendants (1-20))

88.    Each of the paragraphs in this Complaint are adopted by reference as if restated fully herein.

89.    As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of her constitutional rights.

90.    Said treatment of Plaintiff was motivated by race animus and constituted purposeful discrimination.

91.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

92.    The misconduct described in this Count was undertaken by Defendant City of Merriam Officials and the Defendant City of Merriam Officers within the scope of their employment and under color of law such that their employer, the City of Merriam, is liable for their actions.

93.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Merriam in the manner described more fully above.

94.    The misconduct described in this Count was caused by the Supervisory Defendants in the manner described more fully above.

95.    The Defendants mentioned in this Count directly and proximately caused Plaintiff grievous and permanent injury, including nearly one year of incarceration and/or Court supervision while out on bond, and the attendant loss of freedom, companionship, and income and the attendant infliction of emotional, mental and physical distress, pain, suffering, anguish, fear, including the fear of being incarcerated for a crime she did not commit.  Plaintiff's personal and business reputation suffered permanent damage.  For these damages and injuries, Plaintiff is entitled to monetary relief.

96.    The acts and omissions of Defendants and the various Doe Defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

97.    Plaintiff is entitled to recover from Defendants and the various Doe Defendants her reasonable attorneys' fees and costs, as provided by 42 U.S.C. § 1988.

### Count IV-- 42 U.S.C. § 1983

### Policies, Procedures, Practices, Customs and Patterns of Conduct

(Against Defendants The City of Merriam, Lammers, Lietzke, and Various Doe Defendants (1-20))

98.    Each of the paragraphs in this Complaint are incorporated as if restated fully herein.

99.    Defendants in this Count had in effect, both before and at the time of the events alleged in this Complaint, policies, procedures, practices, customs, and patterns of conduct which operated to deprive Plaintiff of her constitutional rights.

100.    Defendants in this Count are liable under 42 U.S.C. § 1983 because they established policies, customs and practices that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of Plaintiff and other similarly situated persons.  At a minimum, the supervisors and the governmental units were deliberately indifferent to such constitutional violations.

101.    Defendants in this Count engaged in unlawful and unconstitutional policies, procedures, practices, customs and patterns of conduct including, but not limited to the following:

a.    the failure to properly train and supervise officers in the techniques of reliably investigating serious crimes;

b.    the failure to properly train and supervise officers in gathering reliable information;

c.    the failure to adequately train, retain and/or supervise officers in the discharge of their duties, including but not limited to their duties to properly identify and/or verify the authenticity of information that is provided to them, as well as determining whether or not the persons providing the information are biased and/or have an inherent conflict of interest in reporting such information; and

d.    being deliberately indifferent to the violation by law enforcement officers of the rights of the accused.

102.    The Defendants in this Count had acquired, before and during the time periods of Plaintiff's prosecution, each of the policies, practices, procedures, customs and patterns of conduct listed in this Count.

103.    These interrelated policies, practices, procedures, customs, and patterns of conduct separately and together, were implemented intentionally to deprive possible targets of criminal investigations of their constitutional rights, or, at the very least were implemented with a deliberate indifference to the rights of possible targets of criminal investigation and were a direct and proximate cause of the Constitutional violations and injuries, as set forth in the prior Counts of this Complaint.

104.    The Defendants mentioned in this Count directly and proximately caused Plaintiff grievous and permanent injury, including nearly one year of incarceration and/or Court supervision while out on bond and the attendant loss of freedom, companionship, and income and the attendant infliction of emotional, mental and physical distress, pain, suffering, anguish, fear, including the fear of being incarcerated for a crime she did not commit. Plaintiff's personal and business reputation suffered permanent damage. For these damages and injuries, Plaintiff is entitled to monetary relief.

105.    The acts and omissions of Defendants and the various Doe Defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

106.    Plaintiff is entitled to recover from Defendants and the various Doe Defendants her reasonable attorneys' fees and costs, as provided by 42 U.S.C. § 1988.

22

## Count V -- State Law Claim

## Malicious Prosecution

(Against Defendants The City of Merriam, Sheridan, Kline, Lammers, Daniels, Burnett, Lietzke, and Various Doe Defendants (1-20))

107.    Each of the paragraphs in this Complaint are adopted by reference as if restated fully herein.

108.    In the manner described more fully above, Plaintiff was improperly subjected to judicial proceedings unsupported by probable cause to believe that she had committed a crime. These judicial proceedings were instigated, instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of her complete innocence of the false allegations.

109.    Specifically, Defendants accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to instigate, institute and continue judicial proceedings.

110.    The Defendant Officers made statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured.  In so doing, the Defendants fabricated evidence and withheld exculpatory information.

111.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

112.    The prosecution of Plaintiff was undertaken for a purpose other than bringing an offender to justice and was a perverted use of the criminal justice system.

113.    The prosecution of Plaintiff terminated in favor of Plaintiff.

23

114.    The Defendants mentioned in this Count directly and proximately caused Plaintiff grievous and permanent injury, including nearly one year of incarceration and/or Court supervision while out on bond and the attendant loss of freedom, companionship, and income and the attendant infliction of emotional, mental and physical distress, pain, suffering, anguish, fear, including the fear of being incarcerated for a crime she did not commit. Plaintiff's personal and business reputation suffered permanent damage. For these damages and injuries, Plaintiff is entitled to monetary relief.

115.    The acts and omissions of Defendants and the various Doe Defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

116.    The misconduct described in this Count was undertaken by the Defendants within the scope of their employment and under color of law such that their employer, the City of Merriam, is liable for their actions.

## Count VI -- State Law Claim

### False Imprisonment

(Against Defendants The City of Merriam, Sheridan, Kline, Lammers, Daniels, Burnett, Lietzke, and Various Doe Defendants (1-20))

117.    Each of the paragraphs in this Complaint are adopted by reference as if restated fully herein.

118.    The illegal arrest and illegal confinement of Plaintiff was deliberately and intentionally brought about by Defendants. The arrest, confinement, and prosecution were the

obvious and intended results of the internal audit and investigation conducted in a manner designed to manufacture a case against Plaintiff despite her actual innocence, which was or should have been known to the Defendants.

119.    Defendants did not have any evidence that established that a crime had been committed, much less one that was committed by Plaintiff.

120.    Defendants Kline, Sheridan, and Lammers and various Doe Defendants communicated knowingly false information in order to instigate an unlawful seizure and confinement of Plaintiff.

121.    A reasonable officer would not believe that Plaintiff had committed or was committing an offense without proof that the sums had gone missing and a reasonable officer would not believe that there was probable cause to arrest Plaintiff and/or seek a warrant for her arrest under those circumstances of the lack of probable cause and complete lack of evidence that any crime had been committed.

122.    Defendants Daniels, Burnett, Lietzke, and various Doe Defendants knew or should have known that under the United States Constitution there is a clearly established prohibition against an arrest and detention without probable cause and that their actions violated Plaintiff's constitutional rights.  Nonetheless, Defendants Daniels, Burnett, Lietzke, and various Doe Defendants still sought to and in fact did assist in causing the false imprisonment of Plaintiff.

123.    In their investigation, Defendants procured demonstrably unreliable and false evidence.

124.    At all times relevant, the acts or omissions of Defendants and the various Doe Defendants were under color of state law and acting in the scope of their employment.

125.    The actions of the Defendants mentioned in this Count directly and proximately caused Plaintiff grievous and permanent injury, including nearly one year of incarceration and/or Court supervision while out on bond and the attendant loss of freedom, companionship, and income and the attendant infliction of emotional, mental and physical distress, pain, suffering, anguish, fear, including the fear of being incarcerated for a crime she did not commit. Plaintiff's personal and business reputation suffered permanent damage. For these damages and injuries, Plaintiff is entitled to monetary relief.

126.    The acts and omissions of Defendants and the various Doe Defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants awarding compensatory damages and attorneys' fees and expenses and costs, along with punitive damages against the Defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

26

## JURY DEMAND

Plaintiff, FABIOLA CRUZ, hereby demands a trial by jury pursuant to Federal Rule of

Civil Procedure 38(b) on all issues so triable.


Respectfully submitted,

THE MCCALLISTER LAW FIRM,
A PROFESSIONAL CORPORATION


By:    _Brian F. McCallister_

Brian F. McCallister    KS No. 14021
Dion Sankar             MO No. 64333
917 West 43rd Street
Kansas City, Missouri  64111-3133
Telephone:  (816) 931-2229
Facsimile:  (816) 756-1181
brian@mccallisterlawfirm.com
dion@mccallisterlawfirm.com
*Attorneys for Plaintiff*